William Cody GRIM, Appellant,

v.

STATE of Texas, Appellee.

Nos. 11–95–292–CR to 11–95–294–CR.

Court of Appeals of Texas,
Eastland.

May 9, 1996.

Ernest C. Tosh, Bedford, Mike A. Smiddy, Mineral Wells, for appellant.

Jerry D. Ray, District Attorney, Palo Pinto, for appellee.

ARNOT, C.J., and WRIGHT, J. and McCLOUD, S.J.*

## OPINION

ARNOT, Chief Justice.

In Cause No. 11–95–292–CR, the jury convicted appellant of intentional injury to a child causing serious bodily injury,[1] and the trial court assessed his punishment at confinement for life plus a $10,000 fine.[2] In Cause Nos. 11–95–293–CR and 11–95–294–CR, appellant pleaded guilty before the jury to the offenses of aggravated assault with a deadly weapon,[3] and the trial court assessed his punishment at confinement for 20 years plus a $10,000 fine in each case.[4] We affirm.

The record shows that the victims in these cases were members of the Tolbert family who were on their way Christmas shopping on December 17, 1994, Tammy Atkinson ran out onto the highway and flagged down the Tolberts' Suburban. Atkinson asked for help and told the family that appellant had a gun. As appellant started shooting, John Tolbert drove away while helping Atkinson, who had been shot three times, stand on the Subur-

ban's running board. While speeding down the highway, Tolbert lifted Atkinson through the window and into the Suburban. Tolbert's wife attempted to call 9–1–1 on the cellular phone. Tolbert threw Atkinson into the middle passenger seat where the Tolberts' 10–year–old daughter was. Appellant chased the Suburban, rammed it with his pickup, and fired shots into the Suburban while driving down the highway. Bullets went into the rear passenger seat where the Tolberts' 13–year–old son was riding. The high-speed chase culminated in the town of Palo Pinto where appellant blocked the Suburban on a dead-end street one-and-a-half blocks away from the county courthouse. Appellant walked up to the Suburban, looked into the middle window on the driver's side, shot the window and the Tolberts' 10–year–old daughter, knocked out the rest of the window, and emptied his 9mm Ruger pistol into Atkinson.

### Cause No. 11–95–292–CR

Appellant has briefed two points of error regarding his conviction for intentional injury to a child. In the first point, he contends that he did not receive effective assistance of counsel because trial counsel failed to file an election for the jury to assess punishment.[5] Since this point of error involves trial counsel's assistance at the punishment stage, we must examine the totality of the representation and determine whether appellant received "reasonably effective assistance of counsel." Ex parte Walker, 794 S.W.2d 36 (Tex.Cr.App.1990); Ex parte Duffy, 607 S.W.2d 507 (Tex.Cr.App.1980). The right to reasonably effective assistance of counsel does not include the right to error free assistance. Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App.1987). The burden of prov-

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Tex.Penal Code Ann. § 22.04 (Vernon 1994 & Supp.1996) defines the offense and declares it to be a felony of the first degree.

2. Tex.Penal Code Ann. § 12.32 (Vernon 1994) provides that a person convicted of a first degree felony shall be imprisoned for life or a term not to exceed 99 years nor less than 5 years. A fine not to exceed $10,000 is also authorized.

3. Tex.Penal Code Ann. § 22.02 (Vernon 1994) defines the offense and declares it to be a felony of the second degree.

4. Tex.Penal Code Ann. § 12.33 (Vernon 1994) provides that a person convicted of a second degree felony shall be imprisoned for a term of not more than 20 years nor less than 2 years. A fine not to exceed $10,000 is also authorized.

5. See Tex.Code Crim.Pro.Ann. art. 37.07, § 2 (Vernon 1981 & Supp.1996).

ing ineffective assistance of counsel is on appellant. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Cr.App.1985).

Appellant relies upon *Ex parte Walker,* supra, to support his contention. In that case, the Court of Criminal Appeals held that trial counsel was ineffective in failing to timely file an election for the jury to assess punishment. The record from the hearing on the application for habeas corpus in *Walker* is more extensive than the record in the present case. According to the defendant and his trial attorney in *Walker,* the attorney advised the defendant to go to the jury for punishment because the trial judge had a reputation for assessing harsh sentences. The defendant agreed to follow his attorney's advice and signed the motion. The attorney discovered during voir dire that he had not filed the motion and attempted to do so at that time. The trial court refused the motion as untimely.

The record in the present case shows that, while the jury was deliberating appellant's guilt/innocence, the State noted that no jury election had been filed and that it would not agree for the jury to assess punishment. Appellant's trial counsel then put appellant on the stand to "put a little bit on the record" to establish appellant's intent to go to the jury. Appellant testified that it was his desire for the jury to assess punishment and that he had acknowledged that the jury was "supposed to do everything." Appellant answered affirmatively when his counsel asked:

> You understand that we have discussed today that in Texas a motion to (sic) for the jury to assess punishment could have been filed before court, and that by my mistake that was not filed?

The record is silent as to the advice, if any, that was given to appellant by trial counsel regarding the forum for punishment. The record is also silent as to the trial judge's reputation concerning the assessment of punishment.

■ The record shows, however, that appellant was represented by two attorneys at trial who filed pretrial motions, conducted voir dire, made an opening statement, made numerous trial objections, cross-examined witnesses, put on a defense, made closing arguments, called a witness to testify at the punishment phase, and filed a timely notice of appeal. There is no constitutional right to have the jury assess punishment. *Allen v. State,* 552 S.W.2d 843, 847 (Tex.Cr.App.1977). Based upon the record before us, we hold that appellant has not shown that trial counsel failed to render reasonably effective assistance. The first point of error is overruled.

■ In the second point, appellant argues that the trial court improperly commented upon the weight of the evidence. The record reflects that trial counsel objected several times to questions concerning Atkinson's injuries and that the trial court overruled these objections. When trial counsel again objected on this basis, the trial court stated: "I think the law of transferred intent is involved in this case and I will overrule the objection." The trial court's remark was not a comment on the "weight of the evidence." Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979); *Hovila v. State,* 562 S.W.2d 243 (Tex.Cr.App. 1978). The second point of error is overruled.

### Cause Nos. 11–95–293–CR & 11–95–294–CR

■ In each of the aggravated assault cases, appellant has filed a brief asserting three identical points of error. In the first point, appellant argues that the trial court erred by failing to admonish him that the court, rather than the jury, would assess his punishment. In the second point, appellant contends that his plea was involuntary because it was based on the "misinformation" that the jury would assess his punishment. We disagree.

The record shows that the trial court admonished appellant that he had the right to plead not guilty and have a jury trial, that the range of punishment for each offense was confinement for not less than 2 nor more than 20 years, and that "the jury" could assess a fine of not more than $10,000 in each case. Appellant stated that he was pleading guilty voluntarily and of his own free will and not because of threats, promises, fear, or persuasion from any source.

We hold that the trial court's admonishments substantially complied with the requirements of TEX.CODE CRIM.PRO.ANN. art. 26.13 (Vernon 1989 & Supp.1996) even though the admonishments included the statement that "the jury" could assess the fine. There is nothing in Article 26.13 which requires the trial court to admonish the defendant regarding who will assess punishment. When the record shows that an admonishment was incomplete or incorrect as opposed to a total failure to admonish, there is a prima facie showing that the plea of guilty was knowing and voluntary. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Cr.App. 1985). Consequently, the burden is on appellant "to show that he entered the plea without understanding the consequences of his action and thus was harmed." *Ex parte Gibauitch*, supra; see also Article 26.13(c). Appellant has not met this burden.

Although appellant asserts that he would have accepted the State's plea bargain offer if he had known that the trial court rather than the jury would assess punishment, it is apparent that appellant understood the full range of punishment which could be assessed if he persisted in pleading guilty. Furthermore, appellant's plea is not rendered involuntary because he received a harsher punishment than he anticipated. *Tovar–Torres v. State*, 860 S.W.2d 176, 178 (Tex.App.—Dallas 1993, no pet'n). The first and second points of error are overruled.

In his third point, appellant again asserts that he received ineffective assistance of counsel because trial counsel failed to timely file a motion electing that the jury assess punishment. For the reasons stated in our discussion of Cause No. 11–95–292–CR, this point is overruled.

The judgments of the trial court are affirmed.