Eddie **ROSS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–04–00090–CR.

Court of Appeals of Texas, Tyler.

June 30, 2005.

Discretionary Review Refused Nov. 23, 2005.

---

Richard Kennedy, for appellant.

Michael J. West, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## *OPINION*

DIANE DeVASTO, Justice.

Eddie Ross appeals his conviction for aggravated assault with a deadly weapon. In three issues, Appellant asserts that the evidence is not legally or factually sufficient to support his conviction and that his trial counsel provided ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. *See* TEX. PEN.CODE ANN. § 22.02(a)(2) (Vernon 2003). The indictment alleged that, on or about March 25, 2003 in Smith County, Texas, Appellant intentionally or knowingly threatened Iwa-

na Grant with imminent bodily injury and used or exhibited a deadly weapon, to wit: a hypodermic syringe and needle, during commission of the assault. Further, the indictment alleged that during commission of the felony offense described above, Appellant used and exhibited a deadly weapon, to wit: a hypodermic syringe and needle, "that in the manner of its use and intended use was capable of causing death and serious bodily injury." Appellant pleaded "not guilty."

During voir dire, as the State's counsel began to discuss punishment, the trial court asked both counsel to approach the bench. The trial court stated that Appellant did not file an election on punishment. Consequently, punishment would be assessed by the trial court. Appellant's counsel stated that she believed Appellant's former counsel had filed an election. However, the trial court reiterated that no such election was in the court's file. Thus, the trial court refused to allow counsel to voir dire the jury on punishment.

At trial, Gant testified that she contacted Officer Kelly Smith with the Drug Enforcement Agency ("DEA") regarding Appellant. As a confidential informant, Gant agreed to make a "controlled" buy of drugs from Appellant, specifically methamphetamine. According to Gant, Appellant was living in a mobile home at 642 Jamestown Highway, Smith County, Texas. However, Gant stated that the address might be in Wood County. On March 25, Gant and Appellant agreed that Appellant would buy drugs in Tyler and be at the residence that afternoon. Smith fitted Gant with a wire and gave her a car and money to buy the drugs. Then, Gant traveled to Appellant's residence. Appellant

informed Gant that he did not get the drugs, "grabbed" her money, and left. He returned about an hour later and told Gant to go inside the mobile home. Gant bought the drugs from Appellant, left the mobile home, and got in her car. However, according to Gant, Appellant followed her, told her to give him some of the drugs, stated that he wanted to have sex with her, and refused to let her leave. Frightened of "blowing" her cover, Gant returned to the mobile home.

Once inside the mobile home, Appellant used a syringe and needle to inject himself with drugs. Appellant told Gant to put some of the drugs on a spoon and that they would have sex. Gant refused. At some point, Appellant grabbed her arm, held the dirty needle, and told her that she was going to do the drugs. Then, he sat on the couch and unzipped his pants. At that point, Gant used the pre-arranged code words to signal the DEA that her life was in danger. Moments later, the DEA arrived and took Appellant into custody.

At the conclusion of the trial, the jury found Appellant guilty of aggravated assault with a deadly weapon as charged in the indictment. The trial court assessed punishment at twenty years of imprisonment and a $10,000 fine.[1] The trial court also made a deadly weapon finding. This appeal followed.

### Venue

In his first and second issues on appeal, Appellant argues that the evidence is legally and factually insufficient to support his conviction. More specifically, Appellant contends that the evidence adduced at his trial was legally and factually insufficient to prove venue. The State disagrees,

---

1. Aggravated assault is a second degree felony. Tex. Pen.Code Ann. § 22.02(b). The punishment range for a second degree felony is a term of imprisonment of not more than twenty years or less than two years and, in addition, a fine not exceeding $10,000. Tex. Pen. Code Ann. § 12.33 (Vernon 2003).

arguing that the sufficient evidence of venue was presented.

■ Texas Rule of Appellate Procedure 44.2(c)(1) provides that unless venue is disputed in the trial court, the court of appeals must presume that venue was proved in the trial court. Tex.R.App. P. 44.2(c)(1). A plea of not guilty puts allegations of venue in issue. *Black v. State,* 645 S.W.2d 789, 790 (Tex.Crim.App.1983). However, this rule merely places the burden of proof at trial. *Holdridge v. State,* 707 S.W.2d 18, 21 (Tex.Crim.App.1986). An appellant who did not otherwise timely raise an issue of venue in the trial court has not made an issue of venue for purposes of avoiding the presumption. *Id.* at 20–21.

Appellant does not point us to a place in the record where he disputed venue nor did our review of the record reflect any such objection. To the extent he seeks to rely on his plea of "not guilty" to raise the issue, he is incorrect. *See id.* Because Appellant failed to dispute venue before the trial court and the record does not affirmatively refute proper venue, we must presume that venue was proved in the trial court. *See* Tex.R.App. P. 44.2(c)(1). Accordingly, Appellant's first and second issues are overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, Appellant argues that his former counsel provided ineffective assistance of counsel. More specifically, Appellant contends that his trial counsel failed to timely file an election for jury sentencing, thereby denying him the opportunity to have the jury render punishment. Appellant contends that he was harmed by his trial counsel's error because he received the maximum sentence and fine from the trial court. The State argues that the record does not support Appellant's contention that he maintained a desire to have the jury determine punishment. Alternatively, the State contends that Appellant cannot show harm because the evidence showed that he committed the offense alleged and had approximately eleven prior convictions.

### Standard of Review

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.,* 466 U.S. at 688, 104 S.Ct. at 2064; *Tong,* 25 S.W.3d at 712.

■ Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Tong,* 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Tong,* 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The *Strickland* standard applies to ineffective assistance of counsel claims al-

leging a deficiency in attorney performance at noncapital sentencing proceedings. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex.Crim.App.1999) (overruling *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App. 1980)).

■ Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* 466 U.S. at 689, 104 S.Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

### Applicable Law

■ If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp.2004–2005). However, where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 2(b). If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment. TEX.

CODE CRIM. PROC. ANN. art. 37.07, § 2(b). There is no constitutional right to have the jury assess punishment. *Grim v. State*, 923 S.W.2d 767, 769 (Tex.App.-Eastland 1996, no pet.)

### Analysis

■ During voir dire, trial counsel was under the impression that Appellant's former counsel had filed an election. However, the trial court stated that no election was filed before voir dire. Appellant claims that he intended to have the jury sentence him and that trial counsel rendered competent advice to go to the jury for punishment. He contends that trial counsel then failed to effectuate his decision when she failed to file an election for the jury to assess punishment. Appellant admits that trial counsel's performance was otherwise effective.

The record shows that trial counsel conducted voir dire, made numerous trial objections, cross-examined witnesses, put on a defense, and made closing arguments. *See id.* When asked by the trial court, Appellant stated, after the close of evidence and again after sentencing, that he had no problems with or complaints about trial counsel's representation. Although Appellant contends that trial counsel advised him to go to the jury for punishment, the record is silent as to what advice, if any, that trial counsel gave Appellant regarding the forum for punishment. *See id.* Therefore, we are unable to conclude that Appellant instructed counsel to file an election for the jury to assess punishment. Moreover, although trial counsel did not object to the trial court's discharging the jury and assessing punishment, nothing in the record explains trial counsel's thought processes. *See Redmond v. State*, 30 S.W.3d 692, 698–99 (Tex.App.-Beaumont 2000, pet. ref'd) (presumption of reasonable effectiveness cannot ordinarily be overcome absent evidence in record showing attorney's reasons for conduct). Con-

sequently, based upon our review of the record, we conclude that Appellant has not shown that trial counsel was ineffective or that her performance was deficient. Therefore, Appellant has failed to meet the first prong of the *Strickland* test. *See Thompson,* 9 S.W.3d at 813.

█ Furthermore, Appellant has also failed to show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Tong,* 25 S.W.3d at 712. In an offer of evidence before trial, the State enumerated ten extraneous offenses or bad acts allegedly committed by Appellant prior to the charged offense. The ten prior offenses or bad acts included escape, aggravated assault, assault causing bodily injury, evading arrest or detention, possession, criminal mischief, violation of a protective order, and conspiracy to manufacture. Further, Appellant previously had been sentenced to a total of eleven years of imprisonment. Appellant claims that a jury could have only "tied" the judge for the amount of punishment rendered and, therefore, he was harmed by receiving the maximum time and fine available. However, we cannot speculate as to whether a jury would have assessed a lesser sentence. *See Schaired v. State,* 786 S.W.2d 497, 499 (Tex.App.-Houston [1st Dist.] 1990, no pet.). Thus, Appellant has failed to meet the second prong of the *Strickland* test. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Tong,* 25 S.W.3d at 712. Accordingly, Appellant's third issue is overruled.

### DISPOSITION

The judgment of the trial court is *affirmed.*