NO.
12-05-00259-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ARTHUR WATTS, JR.,        §          APPEAL
FROM THE FIRST

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          SAN AUGUSTINE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Arthur
Watts, Jr. appeals his convictions for two counts of delivery of a controlled
substance.  In one issue, Appellant
asserts that he was denied effective assistance of counsel.  We affirm.

 

Background

            Appellant
was charged by indictment with two felony counts of delivery of a controlled
substance, namely cocaine, in an amount of four grams or more but less than two
hundred grams of cocaine.  See Tex. Health & Safety Code Ann. §
481.112(a), (d) (Vernon 2003).  The
indictment alleged that, on or about February 20 and March 9, 2004, in San
Augustine County, Appellant “knowingly deliver[ed], by actual transfer, to Paul
Hopson, a controlled substance, namely, cocaine, in an amount of four grams or
more but less than 200 grams.”  Appellant
pleaded “not guilty.” 

            Prior
to trial, Appellant’s trial counsel filed numerous pretrial motions.  Appellant’s trial counsel actively
participated in voir dire and the guilt/innocence phase of trial.  At the conclusion of the guilt/innocence
phase, the jury found Appellant guilty of both counts.  Prior to the punishment phase of the trial,
Appellant’s trial counsel stated to the court that he had failed to file an
election to have the jury assess punishment. 
Counsel asked the trial court to allow him to make that election at that
time “in the interest of fairness.”  The
State would not agree to the election. 
The trial court determined that in the absence of a timely filed written
election or the State’s consent, it did not have discretion to allow the jury
to assess punishment.  Thus, the trial
court dismissed the jury and heard the punishment phase of the trial.  At the conclusion of the punishment phase,
the trial court assessed punishment at forty-two years of imprisonment.[1]  This appeal followed.

 

Ineffective
Assistance of Counsel

            In
his sole issue, Appellant argues that his former counsel provided ineffective
assistance of counsel in three instances. 
Specifically, Appellant contends that his trial counsel failed to timely
file an election for jury sentencing, thereby denying him the opportunity to
have the jury render punishment. 
Appellant also contends that counsel provided ineffective assistance
when he failed to object to lack of notice regarding State’s Exhibit 10,
Appellant’s pen packet, and when he failed to produce mitigating evidence at
the punishment phase of the trial.  

Standard of Review

            In
reviewing an ineffective assistance of counsel claim, we apply the United
States Supreme Court’s two pronged test in Strickland v. Washington,
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Hernandez v.
State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).  Under the first prong of the Strickland
test, an appellant must show that counsel’s performance was “deficient.” Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000).  “This
requires showing that counsel made errors so serious that counsel was not
functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.”  Strickland, 466 U.S. at 687,
104 S. Ct. at 2064.  To be successful, an
appellant must “show that counsel’s representation fell below an objective
standard of reasonableness.”  Id.,
466 U.S. at 688, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.

            Under
the second prong, an appellant must show that the “deficient performance
prejudiced the defense.”  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Tong, 25 S.W.3d at 712.  The appropriate standard for judging
prejudice requires an appellant to “show that there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.”  Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; Tong, 25 S.W.3d at 712.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694,
104 S. Ct. at 2068.  The Strickland
standard applies to ineffective assistance of counsel claims alleging a
deficiency in attorney performance at both capital and noncapital sentencing
proceedings.  Hernandez v. State,
988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling Ex parte Duffy,
607 S.W.2d 507 (Tex. Crim. App. 1980)).

            Review
of a trial counsel’s representation is highly deferential.  Tong, 25 S.W.3d at 712.  We indulge in a “strong presumption that
counsel’s conduct falls within the wide range of reasonable professional
assistance.”  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.  It
is Appellant’s burden to overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial
strategy.  Id.; Tong,
25 S.W.3d at 712.  Moreover, any
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).  Failure to make
the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim.  Id.  Appellant must prove both prongs of the Strickland
test by a preponderance of the evidence to prevail.  Tong, 25 S.W.3d at 712. 

Failure to File a Punishment Election

            If
a finding of guilty is returned, it shall then be the responsibility of the
judge to assess the punishment applicable to the offense.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon Supp. 2004-05).  However, where the defendant so elects in
writing before the commencement of the voir dire examination of the jury panel,
the punishment shall be assessed by the same jury.  Id. If a finding of guilty is
returned, the defendant may, with the consent of the attorney for the state,
change his election of who assesses the punishment.  Id.  There is no constitutional right to have the
jury assess punishment.  Grim v.
State, 923 S.W.2d 767, 769 (Tex. App.–Eastland 1996, no pet.)

            The
right to reasonably effective assistance of counsel does not guarantee
errorless counsel or counsel whose competency is to be judged by
hindsight.  Ex parte Kunkle,
852 S.W.2d 499, 505 (Tex. Crim. App. 1993). 
A single error by counsel renders performance ineffective only if it
permeates the entirety of the representation. 
See Ex parte McFarland, 163 S.W.3d 743, 758 (Tex.
Crim. App. 2005).  Further, isolated
instances in the record reflecting errors of commission or omission do not
cause counsel to become ineffective, nor can ineffective performance be established
by isolating one portion of the trial counsel’s performance for
examination.  Ex parte Welborn,
785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 


            The
record shows that trial counsel filed numerous pretrial motions, proficiently
conducted voir dire, made numerous trial objections, cross examined witnesses,
put on a defense, and made closing arguments. 
See Grim, 923 S.W.2d at 769.  Appellant’s trial counsel conceded that he
failed to file a jury election for punishment with the court prior to
trial.  On appeal, Appellant claims that
he intended to have the jury sentence him and that trial counsel rendered
competent advice to go to the jury for punishment.  He contends that trial counsel then failed to
effectuate his decision when he failed to file an election for the jury to
assess punishment.  However, we cannot
conclude on the record before us that trial counsel’s error of omission
permeated his entire performance, rendering it ineffective.

            Even
if we assumed, without deciding, that trial counsel’s performance was
deficient, Appellant must also show that his right to a fair trial was
prejudiced by any such deficiency in his counsel’s performance.  Appellant claims in his brief that the trial
judge “is widely known for harsh punishment” and that he “shows little leniency
toward repeat offenders such as appellant.” 
However, there is no support of this contention in the record. In an
offer of evidence before trial, the State showed two prior federal convictions
in 1990 for distribution of cocaine and money laundering for which he was
sentenced to 156 months in federal prison. 
The trial judge assessed Appellant’s punishment at imprisonment for
forty-two years, less than half of the punishment range available for the
convicted offense. Appellant claims that the trial judge assessed a more severe
sentence than a jury would have rendered. 
However, we cannot speculate as to whether a jury would have assessed a
lesser sentence.  See Ross v.
State, 180 S.W.3d 172, 177 (Tex. App.–Tyler 2005, pet. ref’d).  Thus, Appellant has failed to meet the second
prong of Strickland.  See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong,
25 S.W.3d at 712.

 

Failure to Object to Lack of Notice
of Federal Pen Packet

            Appellant
claims that trial counsel should have objected to lack of notice when the State
offered Appellant’s federal pen packet into evidence.  The record shows that Appellant requested
notice of the State’s intent to use extraneous offense evidence at trial.  Article 37.07 requires that the State provide
notice of its intent to introduce extraneous offense evidence if the defendant
makes a timely request.  See Tex. Code Crim. Proc. Ann. art. 37.07 §
3(g) (Vernon Supp. 2005).  However,
Article 37.07 does not require that any particular notice be filed in the trial
court record – simply that notice must be given to the defense.  Hayden v. State, 66 S.W.3d 269,
271-73 (Tex. Crim. App. 2001).  Thus, the
record does not include notice of the State’s intent to introduce Appellant’s
pen packet.  Nor does the record
affirmatively show that the State failed to comply.

            We  note that the trial court granted Appellant’s
request that the State not allude to or refer to any extraneous offenses by
Appellant in the presence of the jury based on Appellant’s motion in limine
filed March 14, 2005.  The trial judge
qualified his granting of the motion by noting in the margin, “OK except pen
packet at punishment.”  Given the judge’s
noted exception, it is reasonable to infer that Appellant had actual notice of
the pen packet and its admission had been discussed. Additionally, Appellant
has not identified how the result would have been different had his trial
counsel objected at trial for lack of notice. 
See Ryan v. State, 937 S.W.2d 93, 104 (Tex. App.–Beaumont
1996, pet. ref’d) (trial counsel not ineffective for failing to request
disclosure of the State’s intent to introduce extraneous offenses when
appellant failed to identify how the motions would have been beneficial or how
results would have been different). 
Appellant has failed to prove deficient performance by his counsel or
that he was injured or prejudiced relating to this claim.  See Strickland, 466 U.S.
at 688, 694, 104 S. Ct. at 2064, 2068.

Failure to Present Mitigating
Evidence at Punishment Phase  

        Appellant contends that trial counsel
should have presented mitigating evidence at the punishment phase.  Upon reviewing the record, we cannot
determine what mitigating evidence might have been available.  In the absence of evidence in the record
regarding potential mitigating evidence, we could only speculate regarding
whether counsel was effective in this instance. 
See Ross, 180 S.W.3d at 176-77.  Thus, Appellant has failed to satisfy either
prong of Strickland relating to this claim.

Conclusion

            Based
upon our review of the record, we conclude that Appellant has failed to meet
both prongs of the Strickland test in asserting his three claims
of ineffective assistance of counsel. 
Accordingly, his sole issue is overruled, and the judgment of the trial
court is affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Delivery of a controlled substance is a first
degree felony. Tex. Health & Safety
Code Ann. § 481.112(a), (d) (Vernon 2003).  The punishment range for a first degree
felony is a term of imprisonment of not more than 99 years or life or less than
five years and a fine not exceeding $10,000. 
Tex. Pen. Code Ann. §
12.32 (Vernon 2003).