PD-0187-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/19/2015 3:16:58 PM
Accepted 2/19/2015 3:54:08 PM
ABEL ACOSTA
CLERK

*Oral argument requested*

PD-____-14

IN THE TEXAS COURT OF CRIMINAL APPEALS

# KASSANDRA MARTINEZ-HERNANDEZ

*APPELLANT*

vs.

# THE STATE OF TEXAS

*APPELLEE*

FROM THE FIFTH COURT OF APPEALS
CAUSE NO. 05-14-00426-CR

APPEAL FROM CRIMINAL DISTRICT COURT NO. 2
OF DALLAS COUNTY, CAUSE NO. F13-56452-I,
THE HONORABLE DONALD C. ADAMS, PRESIDING

# APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BRUCE ANTON
State Bar No. 01274700
ba@sualaw.com

BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs, Suite 250
Dallas, Texas 75201
214-468-8100 (office)
214-468-8104 (fax)

*Counsel for Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

## Ground for Review

Whether, by holding that an error in the punishment charge was not harmful solely because of the nature of the underlying crime, the court of appeals impermissibly speculated as to the jury's thinking.

# Table of Contents

Ground for Review ................................................................................. 2

Index of Authorities ............................................................................. 4

Identity of Parties and Counsel ............................................................ 6

Statement Regarding Oral Argument .................................................... 7

Statement of the Case and Procedural History ...................................... 8

Argument ............................................................................................ 10

    By holding that an error in the punishment charge was harmless
    solely because of the nature of the underlying crime, the court of
    appeals impermissibly speculated as to the jury's thinking .............. 10

    I.  The court of appeals's holding .................................................. 10

    II.  Courts of appeals are repeatedly reprimanded for speculating
    as to juries' reasoning ................................................................ 12

    III. The Dallas Court of Appeals's holding is explicitly reliant upon
    that rightfully disapproved reasoning ........................................ 15

Prayer ................................................................................................. 17

Certificate of Service ........................................................................... 19

Certificate of Compliance ..................................................................... 19

Appendix ............................................................................................. 20

# Index of Authorities

**Cases**

*Almanza v. State*, 686 S.W.2d 157 (1984) .......................................... 7, 9, 10

*Alvarado v. State*, 775 S.W.2d 851, 856-57 (Tex. App.—San Antonio 1989, pet. ref'd.).................................................................................. 15

*Dewberry v. State*, 4 S.W.3d 735, 740 (1999)............................................ 12

*Ellison v. State*, 86 S.W.3d 226, 228 (Tex. Crim. App. 2002) ................. 10

*Ellison v. State*, 97 S.W.3d 698, 701 (Tex. App.—Texarkana 2003, no pet.) ...................................................................................................... 11, 14

*Ellison v. State*, 51 S.W.3d 393, 397 (Tex. App.—Texarkana 2001, pet. granted) ................................................................................................. 14

*Garrett v. State*, 749 S.W.2d 784 (Tex. Crim. App. 1986)....................... 13

*Hedicke v. State*, 779 S.W.2d 837, 843 (Tex. Crim. App. 1989).............. 16

*Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) ............. 16

*Kelly v. State*, 640 S.W.2d 605, 612 (Tex. Crim. App. 1982) ................. 13

*Lamb v. State*, No. 14-09-01007-CR, 2011 WL 531968, at *6 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ...................................... 13

*Martinez-Hernandez v. State*, No. 05-14-00426-CR, 2015 WL 275239 (Tex. App.—Dallas Jan. 21, 2015)............................................. 9, 10, 11

*Meraz v. State*, 785 S.W.2d 146, 154 (Tex. Crim. App. 1990)................. 12

*Monroe v. State*, 864 S.W.2d 140, 146 (Tex. App.—Texarkana 1993, pet ref'd) ...................................................................................................... 15

*Moss v. State*, 574 S.W.2d 542, 545 (Tex. Crim. App. 1978)................... 13

*Ross v. State*, 180 S.W.3d 172, 177 (Tex. App.—Tyler 2005, pet. ref'd). 13

*Schaired v. State*, 786 S.W.2d 497, 498 (Tex. App.—Houston [1st Dist.] 1990, no pet.) ........................................................................................ 13

*State v. Terrazas*, 4 S.W.3d 720, 728 (Tex. Crim. App. 1999) ............... 16

*Tompkins v. State*, 774 S.W.2d 195, 202 (Tex. Crim. App. 1987) .......... 12

*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)............ 12

**Statutes**

TEX. PEN. CODE § 19.02 ................................................................................... 8

TEX. PEN. CODE § 19.04 ................................................................................... 8

**Rules**

TEX. R. EVID. 606(b) ............................................................. 12

**Treatises**

43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice And Procedure* § 56:4 (3d ed.) ................................................. 16

## Identity of Parties and Counsel

For Appellant Kassandra Martinez-Hernandez:

>JAMES JAMISON
>>*Trial counsel of record*
>
>529 W. 12th Street
>Dallas, Texas 75208
>
>BRUCE ANTON
>BRETT ORDIWAY
>>*Appellate counsel of record*
>
>SORRELS, UDASHEN & ANTON
>2311 Cedar Springs Suite 250
>Dallas, Texas 75201

For Appellee the State of Texas:

>JUSTIN MCCANTS
>DREW TAYLOR
>>*Trial counsel of record*
>
>DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
>133 N. Riverfront Boulevard
>Dallas, Texas 75207
>
>PATRICIA POPPOFF NOBLE
>>*Appellate counsel of record*
>
>DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE

Trial court judge:

>THE HONORABLE DONALD C. ADAMS

## Statement Regarding Oral Argument

The Dallas Court of Appeals improperly conducted the test for jury charge error set out in this Court's opinion in *Almanza v. State*, 686 S.W.2d 157 (1984). In light of how often the courts of this state apply the "*Almanza* factors," the Dallas Court of Appeals's error has the potential for far-ranging impact. Appellant believes that oral argument will be helpful to this Court in understanding just how so.

## Statement of the Case and Procedural History

Though Appellant gave her cousins a ride to work, they refused to contribute to her gas costs. (RR5: 102, 132, 140-41). As they argued at the gas station, Appellant became frustrated and drove away. (SX81). In so doing, though, she drove over one of her cousins, killing her and her unborn child. (RR5: 91-94, 100, 105-06, 127, 155). Appellant insisted she did so accidentally, and that, at the time, she was unaware she had hit anyone at all. (SX81).

Appellant was nonetheless indicted for murder. (CR: 15); *see* TEX. PEN. CODE § 19.02. After rejecting plea-bargain offers of 40 years' imprisonment, then 20 years', then 15 years', and finally 10-12 years', Appellant's jury trial commenced on March 25, 2014. (RR1: 6; RR2: 7; RR3: 6-7). The following day, the jury found her guilty of the lesser-included offense of manslaughter. (RR6: 97; CR: 46); *see* TEX. PEN. CODE § 19.04. After a one-day sentencing hearing on March 27, 2014, the jury sentenced Appellant to the maximum 20-years' imprisonment and fined her $10,000. (RR7: 92; CR: 57). Appellant filed a notice of appeal that day. (CR: 64).

On appeal to the Fifth Court of Appeals, Appellant urged that the trial court erred in failing to instruct the jury that it could not consider extraneous-offense evidence in assessing punishment unless it found the extraneous offense had been proven beyond a reasonable doubt. (Br. at 9-10). And because all four *Almanza* factors[1] supported the conclusion that the error was harmful, she further urged the court that it should reverse and remand the case for a new punishment hearing. (Br. at 10-12). The court of appeals largely agreed, but nonetheless overruled Appellant's appeal. *See Martinez-Hernandez v. State*, No. 05-14-00426-CR, 2015 WL 275239 (Tex. App.—Dallas Jan. 21, 2015).

---

[1] *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).

## Argument

By holding that an error in the punishment charge was harmless solely because of the nature of the underlying crime, the court of appeals impermissibly speculated as to the jury's thinking.

◆　◆　◆

## I.　The court of appeals's holding

The court of appeals agreed that the trial court erred by submitting to the jury a punishment charge that did not contain an instruction regarding the burden of proof for evidence of extraneous offenses or bad acts admitted during the punishment phase of trial. *Martinez-Hernandez v. State,* No. 05-14-00426-CR, 2015 WL 275239, at *1 (Tex. App.—Dallas 2015). In then analyzing the *Almanza*[2] factors to determine whether Appellant was egregiously harmed by the omission, the court of appeals did not dispute that the evidence of Appellant's lone bad act was indeed questionable, and that no other language in the punishment charge suggested to the jury it need be proven beyond a reasonable doubt. *Id.* at *1-2; *see Ellison v. State,* 86 S.W.3d 226, 228

---

[2] *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (an appellate court should determine whether an appellant was egregiously harmed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole).

(Tex. Crim. App. 2002) ("The harm which must be considered is the impact of the omission in the jury charge of a reasonable-doubt instruction," not the impact of the admission of the extraneous offense). Turning, then, to whether the jury's likely consideration of the evidence was harmful, the court further acknowledged that the prosecutor argued at closing for a harsh sentence based on just such a bad act, and that the jury then assessed the maximum sentence. *Id.*; *see Ellison v. State*, 97 S.W.3d 698, 701 (Tex. App.—Texarkana 2003, no pet.) (upon concluding "that the jury was more prone to give consideration and weight to these disputed extraneous activities in the absence of an instruction that they must find them true beyond a reasonable doubt," question becomes whether the extraneous offense "likely had a serious influence on the jury's assessment of punishment.").

The court of appeals found the error harmless, though, for one reason: "[i]n light of the evidence supporting appellant's conviction at *guilt*," which "was not weak," the court determined that it was "likely the jury assessed appellant's punishment on the facts surrounding her offense." *Martinez-Hernandez*, 2015 WL 275239 at *1-2 (emphasis added). On this, alone, the court overruled Appellant's appeal.

## II. Courts of appeals are repeatedly reprimanded for speculating as to juries' reasoning

By the court's plain language, then, its holding was entirely founded upon its speculation as to the jury's thinking.[3] And that, in turn, necessitated the court take on the role of 13th juror and itself evaluate the guilt evidence's impact; after all, the court of appeals cannot speculate as to what 12 unidentified men and women reasoned without projecting its own reasoning.

In multiple contexts this Court has repeatedly condemned just that. As to evidentiary sufficiency review, this Court routinely emphasizes that an appellate court's "role is not to become a thirteenth juror." *See, e.g., Dewberry v. State*, 4 S.W.3d 735, 740 (1999); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). A court of appeals cannot simply "substitute" its judgment for that of the factfinder. *See Meraz v. State*, 785 S.W.2d 146, 154 (Tex. Crim. App. 1990); *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex. Crim. App. 1987), *aff'd by equally divided*

---

[3] Even if the court's plain language did not indicate as much, though, the court's holding was necessarily founded upon speculation because it is impossible to ascertain jurors' mental processes. *See* TEX. R. EVID. 606(b) ("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment.").

*court*, 490 U.S. 754 (1989) (O'Connor, J., not participating). Similarly, in finding that the evidence was legally insufficient to support the charged offense but sufficient to support a lesser-included offense, this Court held that a new punishment trial was necessary because "[i]t is not proper for this Court to speculate on what punishment would have been assessed by either the jury or the judge." *Moss v. State*, 574 S.W.2d 542, 545 (Tex. Crim. App. 1978), *overruled on other grounds by Garrett v. State*, 749 S.W.2d 784 (Tex. Crim. App. 1986). In reversing where a trial court refused to hold a hearing on a motion by appointed defense counsel to withdraw, this Court presumed the appellant was harmed because it was "unwilling to engage in unguided speculation." *Kelly v. State*, 640 S.W.2d 605, 612 (Tex. Crim. App. 1982). And in addressing a claim that counsel was ineffective, courts of appeals have "refus[ed] to speculate as to whether the [trier of fact] would have imposed a lesser sentence" absent the complained-of error. *Lamb v. State*, No. 14-09-01007-CR, 2011 WL 531968, at *6 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Schaired v. State*, 786 S.W.2d 497, 498 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *Ross v. State*, 180 S.W.3d 172, 177 (Tex. App.—Tyler 2005, pet. ref'd)).

It's just as improper in the context at issue in this case. The *Ellison* court recognized as much, noting that it could not "speculate as to what punishment the jury would have assessed without the evidence of the extraneous offenses," and instead concluding that the trial court's error in failing to give the instruction was egregiously harmful because "the evidence made the case for serious punishment significantly more persuasive to the jury." *Ellison v. State*, 51 S.W.3d 393, 397 (Tex. App.—Texarkana 2001, pet. granted). And though this Court remanded the case for that court to consider the impact of omission of instruction, rather than the impact of the admission of extraneous offense evidence, once the court of appeals did so it pointed to that previous ruling in again finding harm. *Ellison*, 97 S.W.3d at 701-02. Similarly, the San Antonio Court of Appeals, though analyzing the since-discarded "overwhelming evidence" test of Rule of Appellate Procedure 81(b)(2), nonetheless cogently explained the impropriety of such an analysis in the present context:

> When an appellate court examines the record for "overwhelming evidence" of defendant's guilt, it must use its own judgment to assess the weight of the evidence which we are repeatedly reminded not to do. When a reviewing court proceeds in this fashion, it is in danger of usurping the function of the jury, because it is clearly possible that a jury might

14

have weighed the evidence differently. When an appellate court affirms a conviction and such affirmance is based entirely on the court's own evaluation of the evidence of guilt, the defendant may twice be the victim of unfairness: first at trial and then on appeal.

It may be admitted that when the record contains only evidence properly admitted, an appellate court may with some degree of confidence conclude that the evidence supports a finding of guilt beyond a reasonable doubt. But no court has thus far satisfactorily explained the process by which it is possible to assert that, beyond a reasonable doubt, a jury disregarded evidence which it should not have been allowed to consider. The reason for the lack of even an attempted explanation should be obvious. It is difficult to determine what evidence influenced the jury in reaching a criminal verdict, without such a judicial incursion into the mental processes of jurors.

*Alvarado v. State*, 775 S.W.2d 851, 856-57 (Tex. App.—San Antonio 1989, pet. ref'd.); *see also Monroe v. State*, 864 S.W.2d 140, 146 (Tex. App.—Texarkana 1993, pet ref'd) (Bleil, J., dissenting) ("To conclude beyond a reasonable doubt that the jury would not have assessed a different punishment had the testimony of four witnesses been excluded is unsupported speculation.").

III.  **The Dallas Court of Appeals's holding is explicitly reliant upon that rightfully disapproved reasoning**

The Dallas Court of Appeals, then, in rejecting Appellant's appeal solely because of what it suspected the jury's verdict would have been,

even absent the error, ran afoul of bedrock principles of appellate review. And, perhaps most disturbing of all, its reasoning provided a blueprint for holdings that effectively preclude this Court's review. Because, where a court of appeals's holding is based solely upon the verdict *it* would have reached, like all sentencing verdicts "very little review is available of the judge or jury's decision." 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice And Procedure* § 56:4 (3d ed.); *see, e.g., Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) ("The general rule is that as long as a sentence is within the statutory range, it will not be disturbed on appeal."). A court's speculation can only be countered with an appellant's own, and this Court will not speculate. *See, e.g., State v. Terrazas*, 4 S.W.3d 720, 728 (Tex. Crim. App. 1999) ("since appellee did not avail herself of her opportunity to testify at the suppression hearing, we will not speculate on what she thought Rodriguez meant 'when she heard the statement.'"); *Hedicke v. State*, 779 S.W.2d 837, 843 (Tex. Crim. App. 1989) ("As to the remaining five witnesses, who were not included in the bill of exception, we do not know what their excluded testimony would have been or even if they

were prevented from testifying to anything, and we will not speculate as to such.").

Appellant urges this Court that, at the very least, then, it should grant this petition so that it may remand this case the Dallas Court of Appeals with instructions to conduct a full *Almanza* harm analysis. So doing will make clear that courts of appeals may not hold that an error in the punishment charge was not harmful solely because of the nature of the underlying crime, thereby speculating as to the jury's thought process, taking on the role of 13th juror, and creating an impossible-to-appeal holding. Because the record before this Court further makes clear, however, that all four *Almanza* factors weighing in favor of a finding that the trial court's error inflicted egregious harm upon Appellant, she further urges this Court that, in the interest of judicial economy, it should simply grant this petition, reverse the judgment of the court of appeals, and remand this case for a new trial.

## **Prayer**

Accordingly, Appellant prays that this Court will grant this petition for discretionary review.

Respectfully submitted,

17

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


/s/ Brett Ordiway
BRETT ORDIWAY
Bar Card No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Attorneys for Appellant*

## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was electronically served to the Dallas County District Attorney's Office and the State Prosecuting Attorney on February 18, 2015.

       /s/ Bruce Anton
BRUCE ANTON

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with:

1. the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this petition contains 1,781 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Century Schoolbook.

       /s/ Bruce Anton
BRUCE ANTON

# Appendix



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00426-CR

### KASSANDRA MARTINEZ-HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F13-56452-I**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Kassandra Martinez-Hernandez appeals her conviction for manslaughter. Appellant was indicted for the murder of her twenty-two-year-old cousin, Yunuel Aguilar. After finding her guilty of the lesser included offense of manslaughter, the jury assessed punishment at twenty years in prison and a $10,000 fine. We affirm.

In her sole issue, appellant claims the trial court erred at the punishment phase of the trial by failing to properly instruct the jury on the law regarding extraneous offenses and bad acts. Specifically, appellant asserts the trial court did not instruct the jury it could only consider extraneous offenses and bad acts if the jury found beyond a reasonable doubt that such acts and offenses were attributable to her. Appellant argues the jury charge failed to impose any burden of proof on the State, the State's evidence in its case in chief was "weak," the prosecutor's

repeatedly emphasized the fighting incident, and the jury assessed the maximum sentence, all of which indicate appellant was egregiously harmed. We cannot agree.

During the punishment phase of the trial, the State introduced evidence that, while awaiting trial, appellant fought with a fellow inmate. The jury charge at punishment did not contain an instruction regarding the burden of proof for evidence of extraneous offenses or bad acts admitted at punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2014). The trial court's failure to include the instruction is error. *See Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000). Because appellant did not object to the jury charge, we will sustain the complaint only if the record shows the error was so egregiously harmful that appellant was denied a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). In evaluating harm, we consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *See id.*

Although the jury charge was erroneous and the prosecutor mentioned the jail fight during closing, the State's evidence at trial was not weak. At guilt/innocence, the jury heard the detailed testimony of Yunuel's sisters, Annabella and Jessica. Each recounted how, on the night in question, the four women drove in appellant's black Passat to Viviana's Bar off Royal Lane where they worked as hostesses. During the evening, the three sisters noticed appellant was angry and ignoring them. When it was time to leave, appellant would not give Annabella or Jessica the key to her car where they had left cellphones and purses. Instead, she left them at the club, and the three had to ask bar patrons for rides. After leaving the club, they saw her at a nearby gas station in her car with the windows down. The driver of the suburban Jessica was riding in pulled up parallel to appellant's car; Jessica tried to talk to appellant but appellant ignored her and, instead, asked the man who was driving for gas money. When Annabella and

Yunuel arrived, they approached appellant and asked her to open the trunk so they could get their property. After appellant opened the trunk, Yunuel got the purses and slammed the trunk closed. Appellant said, "Oh, yeah," put the car in reverse, and gunned the engine. Annabella said the car accelerated "very fast," but she was able to jump to the side. She shouted at appellant that Yunuel was behind the car, but appellant did not stop. Yunuel was carried backward, then dragged under and eventually run over by the car. Annabella ran toward the Passat, yelling at appellant that she had run over Yunuel. Appellant stopped briefly, looked at Annabella, then put the car in gear and drove off. Yunuel, who was three months pregnant, died from her injuries.

In addition to this testimony, the jury saw appellant's interview approximately three hours after Yunuel was run over. In the video, appellant is calm and unemotional. She claimed she did not know Yunuel had been standing behind her car and had no idea she hit her. According to appellant, she could not drive forward because there was a car blocking her in, so she "did reverse and did not see [Yunuel]." No one tried to stop her, and she did not feel the impact. She claimed she did not hear anything because her windows were rolled up. She drove home and went to bed.

The jury also viewed the videotape from the gas station which shows appellant arriving at the gas station. Later, a white suburban pulls in, stopping parallel to appellant's car. Finally, a white pickup parks parallel to the white suburban, and Yunuel and Annabella exit the truck. The next video shows Yunuel and Annabella standing behind appellant's car which suddenly accelerates backward. Annabella jumps to the side, but Yunuel is carried backward, then disappears from view. She reappears when her body is forcefully run over by the Passat. Appellant stops, then puts the car in gear and drives off.

In light of the evidence supporting appellant's conviction at guilt/innocence, the State's case for punishment was not significantly more persuasive because of the lack of the instruction.

–3–

And it is likely the jury assessed appellant's punishment on the facts surrounding her offense. *See Allen v. State*, 47 S.W.3d 47, 52 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Given appellant's reckless disregard for human life as demonstrated by the present offense, it is very plausible that the jury sentenced appellant to twenty years' confinement on the facts of the convicted crime alone."). After reviewing the entire record, including the jury charge, the evidence, and the closing arguments, we conclude appellant has not demonstrated how the trial court's error was so egregious and created such harm that she has not had a fair and impartial trial. We overrule her sole issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47.2(b)
140426F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

KASSANDRA MARTINEZ-
HERNANDEZ, Appellant

No. 05-14-00426-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F13-56452-I.
Opinion delivered by Justice Francis,
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 21, 2015.